DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RODNEY HARRIS,

                Plaintiff,

-against-

N.C.P. DEPT., DETECTIVE DIVISION; NCCC AND
AND OFFICERS ET AL., N.C.P.D. HEADQUARTER;
NCCC MENTAL HEALTH DEPT./AND MEDICAL
DEPT.; DR. STAFF ET AL.; NASSAU COUNTY
DISTRICT ATTORNEY (Assistant Attorney et al.);
NASSAU COUNTY GRAND JURY ET AL.,

                Defendants.
------------------------------------------------------------------x

**MEMORANDUM and ORDER**

06-CV-5586 (SLT) (LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 2 4 2007 ★
TIME A.M. / P.M.

**TOWNES, United States District Judge:**

In October 2006, plaintiff Rodney Harris, who was incarcerated at Nassau County jail while awaiting trial on drug-possession charges, filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging various civil rights violations. In a memorandum and order dated December 4, 2006, this Court dismissed all claims against the Nassau County Police Department, its Detective Division and its Headquarters, Nassau County District Attorney Kathleen Rice, Assistant District Attorney Irene Angelakis and the Nassau County Grand Jury. *See Harris v. N.C.P. Dept., Detective Div.*, No. 06-CV-5586 (SLT), slip op. at 6 (E.D.N.Y. Dec. 4, 2006). However, the Court granted plaintiff leave "to file an Amended Complaint detailing his excessive force and denial of medical care claims." *Id.*

Plaintiff has since filed two documents: an "Order for Intervention and Dismissal" and an "Amend Order." The former resembles a motion for reconsideration in that it seeks to resurrect plaintiff's claims against Nassau County District Attorney Kathleen Rice, alleging that she conspired with various Nassau County police officers to indict plaintiff for a crime that was

never reported. That submission requests that this Court either bring charges against Rice, the Assistant District Attorney who is conducting the prosecution, and the police officers, or direct Rice to dismiss the pending charges.

As explained in this Court's prior memorandum and order in this case, Rice enjoys absolute immunity for her acts in indicting plaintiff. *See id.* at 4-5 (citing cases). Moreover, this Court does not have the authority to bring criminal charges, and must abstain from enjoining ongoing state court criminal proceedings except in specific, narrow circumstances. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *Hansel v. Town Court for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995). There is nothing to suggest that such circumstances exist in this case. Accordingly, to the extent that plaintiff's "Order for Intervention and Dismissal" can be construed as a motion for reconsideration of the dismissal of his claims against Rice, his motion is denied.

Although plaintiff's second submission is entitled an "Amend Order," it is best construed as an amended complaint, filed pursuant to the directions set forth in this Court's prior memorandum and order. The "Amend Order" provides additional details concerning plaintiff's denial of medical care claim; while it does not name specific individuals, it specifies the date on which plaintiff was first examined and states that the treatment decisions were made by a "black lady" doctor and several nurses, one of whom was a "white lady." Amend Order at 3. In addition, the caption of the "Amend Order" suggests that the medical personnel who made the treatment decisions were affiliated with Nassau County Medical Center. These allegations may well provide enough information to permit the Nassau County Attorney's Office to identify the doctor and nurses who treated plaintiff.

2

The "Amend Order" does not contain any allegations of "excessive force." However, as explained below, the submission does contain new allegations which may state § 1983 claims for false arrest, violation of the First Amendment guarantee of the free exercise of religion and violations of the Due Process Clause of the Fourteenth Amendment.

First, plaintiff alleges that he was unlawfully arrested by members of the Hempstead Police Department on September 21, 2006, "for a crime that never happen[ed]." Amend Order at 4.[1] Plaintiff also names three Hempstead police officers – Lieutenant Brian Schirmacher and Detectives Thomas Salerno and Cunningham – who were allegedly involved in effecting this unlawful arrest. Since none of these individuals are named in the caption, this Court shall order that the Clerk of Court amend the caption of this case to, among other things, add these three individuals.

Second, plaintiff alleges that a Caucasian corporal and two other corrections officers who worked the evening shift at the Nassau County jail on October 2 and/or 3, 2006, "denied [him] food . . . only because he was praying to God." Liberally construed, plaintiff may be arguing that he was denied food on one or more occasions because he failed to interrupt his prayers when directed to do so by the officers. This allegation may be sufficient to raise a free exercise of religion claim under the First Amendment. *See McEachin v. McGuinnis*, 357 F.3d 197, 201 (2d Cir. 2004).

Plaintiff's claim that he was denied food may also be construed as alleging a violation of the Due Process Clause of the Fourteenth Amendment. Under the Due Process Clause, pre-trial

---

[1] Since the page numbers in the "Amend Order" are sometimes illegible or redundant, this Court will use the page numbers added to that document when it was filed on ECF. Thus, page 4 is the fourth of the 13 pages contained in ECF Document 10.

detainees may not be subjected to conditions and restrictions that amount to "punishment" without due process of law. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To determine whether certain conditions of confinement violate due process, courts in this Circuit have regularly applied the Eighth Amendment standard to cases involving pre-trial detainees. *See, e.g., Bourdon v. Roney*, No. 9:99-CV-0769 (LEK), 2003 WL 21058177 at *10 (N.D.N.Y. Mar. 6, 2003); *Curry v. Kerik*, 163 F. Supp. 2d 232, 236 (S.D.N.Y. 2001); *Butler v. Westchester County*, No. 94 Civ. 8216 (SHS), 2000 WL 335539 at *5 (S.D.N.Y. Mar. 30, 2000); *Rivera v. State of New York*, No. 96 Civ. 7697 (RWS), 1999 WL 13240 at *5 (S.D.N.Y. Jan. 12, 1999). The Eighth Amendment imposes upon prison officials the duty to "ensure that inmates receive adequate food." *Farmer v. Brennan*, 511 F.2d 825, 832 (1994). "[U]nder certain circumstances a substantial deprivation of food may well be recognized of being of constitutional dimension." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983).

Finally, plaintiff alleges that he sustained two falls from an upper bunk, suffering various injuries – including the aforementioned injury to his shoulder – during the second fall. Amend Order at 2, 3. Plaintiff implies that these accidents were attributable to the unsafe condition of his bunk bed, and could have been avoided by providing a ladder to reach the upper bunk and a "guard grill" that would have prevented the sleeping occupant of the upper bunk from falling accidently during the night. *Id.* at 2. While isolated instances of negligence that cause unintended injury do not violate the Fourteenth Amendment, deliberate or callous indifference to a prisoner's needs may state a cause of action under the Due Process Clause. *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986). Plaintiff's allegations, which suggest that nothing was done after his first fall to prevent similar accidents, imply that Sheriff Reilly was deliberately indifferent to unsafe conditions at the jail.

## CONCLUSION

For the reasons stated above, plaintiff's "Order for Intervention and Dismissal" is construed as a motion for reconsideration of this Court's December 4, 2006, Order dismissing all claims against Nassau County District Attorney Kathleen Rice. That motion is hereby denied.

Plaintiff's "Amend Order" is construed as his Amended Complaint. The Clerk of Court shall amend the caption of this case to read as follows:

RODNEY HARRIS,

Plaintiff,

-against-

NASSAU COUNTY SHERIFF EDWARD REILLY;
HEMPSTEAD POLICE LIEUTENANT BRIAN
SCHIRMACHER, DETECTIVE THOMAS SALERNO
AND DETECTIVE CUNNINGHAM; NCCC CORPORAL
JOHN DOE #1 AND CORRECTIONS OFFICERS
JOHN DOE #2 AND #3; NASSAU COUNTY MEDICAL
CENTER, DOCTOR JANE DOE #1 AND NURSES
JANE DOES #2 - #5,

Defendants

The Clerk of Court shall issue summonses for Nassau County Sheriff Edward Reilly, Nassau County Medical Center, Hempstead Police Lieutenant Brian Schirmacher and Hempstead Police Detectives Thomas Salerno and Cunningham. The United States Marshals Service is directed to serve a summons, plaintiff's original complaint, his "Amend Order" and copy of this Memorandum and Order upon these five defendants.

The Clerk of Court shall send a copy of this Memorandum and Order, the original complaint and the "Amend Order" to the Nassau County Attorney's Office and to plaintiff. In keeping with *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court requests

that the Nassau County Attorney ascertain the full names of (1) NCCC Corporal John Doe #1, and the two other corrections officers, John Does #2 and #3, who worked on the evening shift on October 2 and/or October 3, 2006, and who allegedly denied food to plaintiff, and (2) the "black lady" doctor – Jane Doe #1 – and Nurses Jane Does #2 - #5, who are allegedly affiliated with Nassau County Medical Center and treated plaintiff for the injuries he sustained as a result of his fall on November 4, 2006. The Nassau County Attorney is also requested to provide the addresses where these defendants can currently be served.

The Nassau County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*. Once this information is provided, plaintiff's amended complaint shall be deemed further amended to reflect the full names of these John and Jane Doe defendants, additional summonses shall issue, and the Court shall direct service upon these defendants.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
May 22, 2007